# THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
# FIFTEENTH JUDICIAL CIRCUIT

OSHA SECURITY, INC,
a Foreign Corporation, AND
Obra Hogans

    Plaintiffs

v.

CV- 2009-966

JURY DEMAND

Koch Foods of Alabama
LLC, and Fictitious Defendants
A, B, C,. ..Z

    Defendant

FILED
2009 JUN 19 PM 3:15
CIRCUIT COURT OF
MONTGOMERY COUNTY

## COMPLAINT

### GENERAL ALLEGATIONS

#### Parties

1. Plaintiff, Osha Security, Inc. (hereinafter "Osha Security") is and was at all times relevant to this action a Georgia corporation with its principal place of business in Montgomery, Alabama.

2. Osha Security is and was at all times relevant to this action engaged in the business of private security service.

3. Osha Security is owned by Obra Hogans who is an African-American.

4. Defendant, Koch Foods of Alabama LLC, an Alabama Limited Liability Company, (hereinafter Koch Foods) is and was at all times relevant to this action an Alabama corporation doing business in Montgomery, Alabama.

5. Defendant Vic Foxworth ((hereinafter "Foxworth") is and at all times herein relevant was an employee with Koch Foods at its Montgomery location as the Director of Purchasing.

1

6. Fictitious defendants A, B, C,. ..Z are agents, or employees, or representatives of Koch Foods and believed to be citizens of Alabama.

*Facts*

7. On or about July 15, 2008 Osha Security and Koch Foods entered into a Security Service Contract Agreement (hereinafter, "contract") which was amended on or about July 21, 2008 with the term of the contract to be five years. (See, Attached Plaintiff Exhibit A&B 1-2).

8. The substance of the agreement was that Osha Security in exchange for an agreed on fee would provide private security service for Koch Foods.

9. Defendant Foxworth spoke to and sent letters to Osha Security alleging that Osha Security was paying kickbacks to a former African-American employee of Koch Foods who hired Osha Security to provide security for Koch Foods, assigned unqualified individual as weigh masters, and submitted incomplete and unclear invoices for payment.

10. On or about, March 9, 2009, Koch Foods, through its agents, or employees, or representatives requested Osha Security to agree to terminate the contract. (See, Exhibit C).

11. Koch Foods through its agents, or employees, or representatives has refused to compensate Osha Security as per the term of the contract for the work that Osha Security performed pursuant to the terms of the contract.

12. Fictitious defendants A, B, C,. ..Z are agents, or employees, or representatives of Koch Foods who participated in decisions concerning the failure of Koch Foods to adhere the terms and conditions of the Security Service Contract Agreement.

13. This action arises out of Koch Foods' breach of contract, civil conspiracy, intentional interference with business relations, fraud, libel and defamation, and discrimination by refusing

to honor the terms and conditions of the contract, making defamatory statements, assertion, acts of discrimination, and its interference with business relations.

### Count I
### Breach of Contract

14. Osha Security adopts, re-alleges, and incorporates herein each and every allegation in Paragraphs 1 through 13 as though fully set forth herein.

15. Osha Security performed duties for Koch Foods for a specific payment and specific terms.

16. Defendants both named and fictitiously described have refused to pay Osha Security pursuant to the contract for the work Osha Security performed for them.

17. The wrongful acts and omissions of the Defendants, both named and fictitiously described, constitute breaches of the contract with Osha Security.

18. Osha Security is entitled to recover all damages that were the natural and foreseeable consequences of the Defendants' breach.

WHEREFORE PREMISES CONSIDERED, Osha Security demands judgment against Defendants, both named and fictitious, to recover compensatory damages for the contract amount, other damages allowed by law, and for costs and interest.

### COUNT II
### Civil Conspiracy

19. Osha Security adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 18 as though fully set forth herein.

20. At all times material, Defendants both named and fictitious did knowingly conspire to wrongfully withhold payment due to Osha Security under the terms of the contract and did cause Osha Security to suffer damage in the form of financial loss.

WHEREFORE, Osha Security demands judgment against Defendants both named and fictitiously in compensatory and punitive damages in an amount to be determined by jury, plus costs.

### COUNT III
### *Intentional Interference with Business Relations*

21. Osha Security adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 20 as though fully set forth herein.

22. At all times material Defendants both named and fictitious did intentionally interfere with the business relations between Osha Security and Koch Foods in that the Defendants knew that a business relationship existed between Osha Security and Koch Foods at the time they conspired to cause withholding of payment to Osha Security by Koch Foods for work performed by Osha Security pursuant to the terms of the contract.. As a proximate consequence of the intentional interference with the business relations of Osha Security, Osha Security has been caused to suffer financial loss, and loss of business reputation.

WHEREFORE, premises considered, Osha Security demand judgment against Defendants both named and fictitious for compensatory and punitive damages in an amount to be determined by jury, plus costs.

### COUNT IV
### *Fraud*

23. Osha Security adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 22 as though fully set forth herein.

24. At all times material Defendants both named and fictitious represented to Osha Security that they would adhere to the terms of the contract if Osha Security performed the work

required in accordance with the terms of the contract and in term they would pay Osha Security the fees for such services as provided for in the contract..

25. The representation made by the Defendants both named and fictitious were false

26. Osha Security believed the representations made by the defendants relied upon them, and provided services as per the terms of the contract to Koch Foods.

27. As a consequence of said fraudulent representation, Osha Security has been caused to suffer financial loss.

WHEREFORE, premises considered Osha Security demand judgment against Defendants, both named and fictitious for compensatory and punitive damages in an amount to be determined by jury, plus costs.

## COUNT V
### Tortious Interference With Contractual Relations

28. Osha Security adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 27 as though fully set forth herein.

29. On or about July 15, 2008 Osha Security and Koch Foods entered into a contract with a term of five years which was amended on or about July 21, 2008.

30. On or about, March 9, 2009, Defendants Koch Foods, Foxworth, and fictitious defendants requested Osha Security to agree to terminate the contract and Osha declined.

31. Defendants Koch Foods, Foxworth, and fictitious defendants accused Osha Security of paying kickbacks to the former employee of Defendant Koch Foods who hired Osha to provide security for Koch Foods, further accuse Osha Security of assigning unqualified individuals as weigh masters, and submitting incomplete and unclear invoices for payment.

32. Defendants Koch Foods, Foxworth, and fictitious defendants have refused to compensate Osha Security as per the term of the contract, for the work that Osha Security performed pursuant to the terms of the contract.

33. Defendants Koch Foods, Foxworth, and fictitious defendants hired another company to replace Osha Security who on the belief and information of Osha Security is a friend of Defendant Foxworth.

34. Osha Security avers that it did not engage in the conduct alleged by Defendants Koch Foods, Foxworth, and fictitious defendants.

35. Defendants Koch Foods, Foxworth, and fictitious defendants intentionally and negligently interfered with Osha Security's contractual relationship with Koch Foods, through improper means and with reckless disregard for the consequences of their actions.

36. As a direct and proximate result of the conduct of Defendants Koch Foods, Foxworth, and fictitious defendants as alleged hereinabove, Osha Security has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

37. Defendants Koch Foods, Foxworth, and fictitious defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Osha Security's rights, and as a direct and proximate result thereof Osha Security suffered economic and emotional damage in a total amount to be proven at trial, therefore Osha Security seeks exemplary and punitive damages in an amount sufficient to deter the Defendants and others from similar future wrongful conduct.

WHEREFORE, premises considered Osha Security demand judgment against Defendants both named and fictitious for compensatory and punitive damages in an amount to be determined by jury, plus costs.

## COUNT VI
*Libel and Defamation*

38. Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiffs aver that Defendants Koch Foods, Foxworth, and fictitious defendants published the allegation against him to other officers and employees of Koch Foods and other persons claiming that Plaintiffs was paying kickbacks to the former employee of Koch Foods who hired Osha to provide security for Koch Foods, that Plaintiffs assigned unqualified individual as weigh masters, and submitted incomplete and unclear invoices for payment.

40. The accusations published by Defendants Koch Foods, Foxworth, and fictitious defendants accusing Plaintiffs of unlawful and unethical conduct were false, unprivileged, and defamatory, and Plaintiffs did not at any time engage in the unlawful conduct or unethical alleged by Defendants. Defendant Foxworth's publication of said false and defamatory statements was intentionally and maliciously made and/or made with reckless disregard for the truth or falsity.

41. The false and defamatory statements imputed to Plaintiff's alleged unlawful conduct injured Plaintiffs in its business and the statements constituted libel per se for which Plaintiffs are presumptively entitled to recover damages without proof of same.

42. Because the false and defamatory statements imputed to Obra Hogans' alleged unlawful conduct, injured him in his business, the statements constituted libel per se for which he is presumptively entitled to recover damages without proof of same.

43. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Osha Security and Obra Hogans have suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

7

44. Defendants Koch Foods, Foxworth, and fictitious defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Osha Security and Obra Hogans' rights, and as a direct and proximate result thereof Osha Security and Obra Hogans suffered economic and emotional damage in a total amount to be proven at trial.

WHEREFORE, premises considered Osha Security and Obra Hogans demand judgment against Defendants both named and fictitious for compensatory and punitive damages in an amount to be determined by jury, plus costs.

### COUNT VII
*Discrimination*

45. Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 44 as though fully set forth herein.

46. Osha Security was hired by James Jones, an African-American who at the time was an employee of Koch Foods, to provide security service for Koch Foods.

47. Osha Security avers that Osha is owned by Obra Hogans, an African-American.

48. Plaintiffs aver that the accusation and actions to terminate the contract occurred after James Jones ceased to be employed with Koch Foods and was replaced by a white employee, Defendant Foxworth.

49. Osha Security avers that the accusation and termination of Osha's contract was a pretext to allow the hiring of a firm that is owned by a White American.

WHEREFORE, premises considered Osha Security demand judgment against Defendants both named and fictitious for compensatory and punitive damages in an amount to be determined by jury, plus costs.

## COUNT VIII
*Respondeat Superior*

50. Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 49 as though fully set forth herein.

51. Defendant Foxworth's conduct in causing the contract to be terminated was substantially certain to cause damage to Plaintiffs both financially and to their reputation..

52.. In doing the acts alleged herein, Defendant Foxworth's used the power and authority conferred upon him by Koch Foods as Director of Purchase to without justification cause the complaint to be terminated. It is predictable and foreseeable, given Koch Foods' negligent supervision of Defendant Foxworth, that someone in Defendant Foxworth's position would abuse the power and authority Koch Foods. conferred upon him by engaging in a campaign to defame Plaintiffs for the purpose of terminating the contract.. As such, Defendant Foxworth's conduct is incident to his agency with Koch Foods as to be fairly attributable to Koch Foods.

WHEREFORE, premises considered Osha Security and Obra Hogans demand judgment against Defendants both named and fictitious for compensatory and punitive damages in an amount to be determined by jury, plus costs.

*/s/ Deborah M.* — 06/19/09

Deborah M. Nickson (NICO25)
Attorney for Osha Security
2820 Fairlane Drive, Ste, A-10
Montgomery, Alabama 36116
334-213-1233 Fax: 334-213-1234
Email: debnicks@bellsouth.net

Plaintiffs Demand Trial by Jury.

*[signature]*
Deborah M. Nickson (NIC025)   06/19/09