IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSHA SECURITY, INC., ) | |
| a foreign corporation, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-889-WKW [WO] |
| ) | |
| KOCH FOODS OF ALABAMA, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff OSHA Security, Inc.'s motion to remand (Doc. # 8) this case to state court. The motion has been fully briefed. (Docs. # 12, 13, 15.) For the following reasons, the motion is due to be denied.

**I. BACKGROUND**

The dispute in this case turns on the timing of the removal; therefore, the relevant dates must be set forth in some detail. This case was originally filed in the Circuit Court of Montgomery County, Alabama, on June 19, 2009, and Defendants were properly served on June 25 and 26, 2009.[1] (*See* Doc. # 1, Attach. 3 and 4; Doc. # 11 at 1-2.) Claim VII in Plaintiffs' original complaint (Doc. # 1, Attach. 3 at 8) is entitled simply "Discrimination," and asserts, without citation to any statute or other particular source of law, that OSHA

---

[1] In Plaintiffs' motion to remand, it is asserted that Defendants were served on July 1, 2009. (Doc. # 8.) The dates claimed by Defendants appear better supported by the state court record (Doc. # 1, Ex. A at 22), and, in any event, the outcome of the motion to remand does not depend on which of the two dates is correct.

Security and its owner were discriminated against on the basis of race.  On July 27, 2009, Defendants filed a motion to dismiss in state court, arguing in relevant part that the claim for "Discrimination" did not state a claim under Alabama law.  (Doc. # 1, Ex. A (Defs.' Mot. to Dismiss).)  On September 1, 2009, Plaintiffs responded to the motion to dismiss by arguing that the "Discrimination" claim was actually a federal-law claim premised on 42 U.S.C. § 1981, which forbids racial discrimination in contracting.[2]  (Doc. # 1, Ex. A (Pls.' Resp. to Defs.' Mot. to Dismiss).)   Then, on September 17, 2009, Defendants filed a notice of removal, bringing the case before this court.  (Doc. # 1.)  The ground for removal is that the "Discrimination" count is one "arising under" federal law.  *See* 28 U.S.C. § 1441(b).  The only issue for resolution is whether the removal was timely.

## II. ANALYSIS

Plaintiffs argue that the notice of removal was untimely because it failed to comply with 28 U.S.C. § 1446(b)'s timing requirements.  Section 1446(b) provides that a notice of removal "be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  It further provides, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  § 1446(b).

---

[2] The state court appears to have granted the motion as to Count II, and denied it as to the remaining counts, on September 2, 2009.  (*See* Doc. # 1, Ex. A, at 81 (handwritten note).)

The issue between the parties is relatively simple to frame:[3] Plaintiffs contend that Defendants were on notice as to the federal character of the "Discrimination" claim from the time they were served; if this is correct, the notice of removal was indisputably well over a month late. Defendants, however, claim that they were not on notice of any federal claim until the September 1 response citing a federal statute and making clear the legal basis for the "Discrimination" claim.

The relevant legal standards are well established. The determination of whether a claim "arises under" federal law for purposes of Section 1441(b), and hence of the removal timetable set by Section 1446(b), is whether the basis for removability is apparent from the face of a plaintiff's well-pleaded complaint. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"[4] *Vaden v. Discover Bank*, 129

---

[3] The court declines to consider the theory, asserted for the first time in Plaintiffs' reply brief (Doc. # 12) that Defendants waived their right to remove the case because they litigated the case on the merits in state court. *See Belfast v. Upsilon Chapter of Pi Kappa Alpha Fraternity of Auburn Univ.*, 267 F. Supp. 2d 1139, 1147-48 (M.D. Ala. 2003) (noting that a court has the general discretion not to address arguments made for the first time in a reply brief).

Moreover, for the reasons stated in the sur-reply (Doc. # 15), the argument would fail on the merits; Defendants did not litigate this case in state court *after* they had an awareness of the federal character of the "Discrimination" count, but entirely on state-law grounds *before* the September 1 filing clarified the nature of Plaintiffs' claims. The argument essentially rises or falls depending on the conclusion the court draws on the main issue; therefore, the court will focus its energies there. Nothing in the proposed reply to the sur-reply (Doc. # 16) would change this result.

[4] To call a complaint "well-pleaded" in this sense does not express a judgment as to whether it is ultimately meritorious, or whether it should survive a motion to dismiss. Rather, it reflects that whether a complaint contains a federal question must be determined by whether the complaint, as *properly* or *completely* pled (but no more), raises an issue of federal law. In the context of removal, for example, a plaintiff cannot avoid removal by so-called "artful pleading," in which a federal cause of action is

S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal punctuation omitted).

The parties also spar over another theory, formulated as whether removability must have been "intelligently ascertainable" from the face of the state-court complaint. *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003). The court is somewhat skeptical, however, of what independent work is done by the "intelligently ascertainable" standard in a straightforward federal-question removal case such as this. *Clingan* was a diversity case, and the principal other case from this district relying on that standard was an ERISA preemption case. *See Webster v. Dow United Tech. Composite Prods., Inc.*, 925 F. Supp. 727 (M.D. Ala. 1996). In neither case, then, could the normal logic of the well-pleaded complaint rule be applied.

Moreover, this formulation is absent from Eleventh Circuit and Supreme Court case law. To the contrary, those courts have been clear that the well-pleaded complaint rule is the proper yardstick for measuring whether a case is removable on federal-question principles. *See Vaden*, 129 S. Ct. at 1272; *Adventure Outdoors v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) ("In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint *alone*.") (emphasis added). To the extent the "intelligently ascertainable" language has any application to a case such as this, the court

---

concealed as containing only issues of state law. *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 519 n.7 (11th Cir. 2000).

4

concludes it is only as a means of further explaining the meaning of the well-pleaded complaint rule, not as a standard with any sort of independent meaning.

Plaintiffs' argument that their original complaint was sufficient under the well-pleaded complaint rule runs as follows: Since Defendants recognized, in their motion to dismiss, that the "Discrimination" count did not state a claim under Alabama law, it must have been obvious that the "Discrimination" count was premised on federal law. (Doc. # 8.) Plaintiffs do not cite any case with analogous facts decided in their favor, perhaps because their argument fails to consider the third possibility that a claim may state no cause of action under either federal or state law. A defendant who argued that any state-court complaint that failed to state a claim under state law was thereby necessarily removable to federal court would be making an argument that bordered on frivolous. If Defendants had attempted to remove the complaint as soon as it was filed in state court, the court suspects that Plaintiffs would be the first to argue that the original complaint did not raise a federal question on its face, and was thus not removable. Plaintiffs cannot play a game of "gotcha," first leaving out all reference to federal law in their complaint, then, once the removal clock has run, claiming that the federal nature of the claim was obvious from the start.[5]

---

[5] While the result here is that this case will remain on the federal docket, adopting Plaintiffs' rule would likely lead to an overall increase in erroneously removed cases, since future defendants would feel compelled to remove cases if there is even the possibility that a vague or poorly fleshed out claim might later be found to arise under federal law.

### III. CONCLUSION

Because the original complaint in this case would not have been sufficient to make the case removable under the well-pleaded complaint rule, Section 1446(b) provided Defendants an additional thirty days from the time they could first ascertain that the case was removable to properly effect removal. That date was September 1, 2009, when Plaintiffs responded to the state-court motion to dismiss. (*See* Doc. # 1, Ex. A (Pls.' Resp. to Defs.' Mot. to Dismiss).) Accordingly, the case was timely removed on September 17, 2009, and it is ORDERED that the motion to remand (Doc. # 8) is DENIED. Plaintiffs' motion to file a further reply (Doc. # 16) is DENIED as moot.

DONE this 18th day of November, 2009.

      /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE